UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FINANCIAL GROUP** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-7144** |
| **KENNETH ANTOS, ET AL** | **SECTION "H"** |

ORDER AND REASONS

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 6) and Defendant's Motion to Strike Exhibit Submitted with Supplemental Memorandum or Alternatively Motion to Continue Motion for Partial Summary Judgement (Doc. 13). For the following reasons the Motion for Summary Judgment (Doc. 6) is **DENIED IN PART** and **GRANTED IN PART** and the Motion to Strike (Doc. 13) is **DENIED AS MOOT**.

BACKGROUND

This is a declaratory judgment action on a promissory note removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of

1

$2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security Agreement") in favor of Magnolia, wherein he pledged his interest in the proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC, Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This Pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were paid on the Notes by the maturity date and contends that $2,457,805.60 of principal and interest remains due and owing on the Notes. Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Note and the Security Agreement.

Plaintiff filed the instant Motion for Partial Summary Judgment, seeking a judgment (1) defining the undisputed amount owed on the promissory note, (2) recognizing its appointment as attorney-in-fact for purposes of carrying out the pledge, and (3) establishing its right to collect attorney fees at the termination of the litigation. Defendants oppose this Motion, arguing that it is precluded by genuine issues of material fact. They have also responded with a Motion to Strike or in the Alternative to Continue, arguing that a supplemental expert report submitted with Plaintiffs' Reply Brief is improperly before the Court.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

2

moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Plaintiff's Motion seeks a judgment (1) defining the undisputed amount owed on the promissory note (2) recognizing its appointment as attorney-in-fact for purposes of carrying out the pledge agreement, and (3) establishing its right to collect attorney fees at the termination of the litigation. The Court will address each of these issues in turn.

### I. Undisputed Amount Owed on the Note

Plaintiff contends that $2,457,805.60 remains due and owing on the Note. Defendants dispute this amount, arguing that the transfer of a 9% equity share of KCI investments to Plaintiff was made in partial satisfaction of the Note (the "KCI Transfer"). For the purposes of this Motion, Plaintiff's purport to accept Defendants' defenses as true in an effort to arrive at an undisputed amount due and owing on the Notes; however, it presents different undisputed amounts in its Motion and reply brief. In the original Motion, Plaintiff contends that the undisputed amount is properly fixed at $1,472,067.60, as identified by their expert witness, Dr. Shael Wolfson. Following Defendants' opposition, Plaintiff's expert issued a supplemental report revising his estimate of the undisputed amount downward to $965,141. Defendants responded with a Motion to Strike Plaintiff's revised expert report as improperly before the Court.

Even assuming that Plaintiff's revised report is properly before it, the Court finds that it only serves to highlight the difficulty in setting an undisputed amount due and owing on the notes at this early stage in the litigation. Though Plaintiff is correct in its assertion that there does not appear to be a dispute as to the fact that there remains outstanding some amount due on the Notes, the precise amount remains very much in dispute. The Court is unable to fix the undisputed amount of the debt on the record

4

before it. Defendants are entitled to conduct their own discovery and retain their own expert in an effort to ascertain the amount due. There are clear disputes of material fact regarding, inter alia, the amount of credit due, if any, for the KCI Transfer, the amount of payments previously made on the Notes, and the amount of interest owed on the Notes. Accordingly, Plaintiffs request for summary judgment on the undisputed amount of the note is denied as premature. This Motion may be re-urged after discovery has taken place. Because the Court finds this Motion should be denied as premature, Defendants' Motion to Strike is denied as moot.

**II. Recognizing Plaintiff's Appointment as Attorney-in-fact**

Plaintiff next asks the Court to enter an order recognizing it as attorney-in-fact for Defendants with regard to the secured collateral. Section 12 of the Security Agreement states, in pertinent part, as follows:

> 12. Attorney in Fact. Lender is hereby appointed, which appointment as attorney-in-fact is irrevocable and coupled with an interest, the attorney-in-fact of Pledgor for the purposes of carrying out the provisions of this Agreement and taking any action and executing any instruments which Pledgor fails to do the following notice by Lender, and which Lender may deem reasonably necessary or advisable to accomplish the purposes hereof including, without limitation:
> (c) to file any claims or take any action or institute any proceedings that the attorney-in-fact may deem necessary or desirable for the perfection and/or collection of any of the Collateral or otherwise to enforce the rights of Lender, with respect to any of the Collateral.

Plaintiff avers that such an order is necessary to allow it to execute on the collateral. Defendants respond, arguing that Plaintiff's requested relief is prohibited by La. Rev. Stat. § 10:9-609. This statute provides the situations in which a secured creditor may take possession of collateral:

> (a) Possession. After default, a secured party may take possession of the collateral only:

5

> (1) after the debtor's abandonment, or the debtor's surrender to the secured party, of the collateral;
> (2) with the debtor's consent given after or in contemplation of default;
> (3) pursuant to judicial process; or
> (4) in those cases expressly provided by law other than this Chapter.[9]

Defendants argue that this statue precludes the relief requested by Plaintiff, as "[a] debtor may not grant consent to self-help in general anticipation of the possibility that a default will occur."[10] This argument is, however, unpersuasive. Plaintiff is not asking this Court to order him into possession of the collateral; rather, he seeks a declaration that the attorney-in-fact provisions of Security Agreement are valid and enforceable. Defendant has cited the Court to no law indicating that La. Rev .Stat. § 10:9-609 renders such agreements per se unenforceable, and the Court's own research has revealed no such prohibition. Accordingly, summary judgment is granted recognizing Plaintiff as attorney-in-fact for the purposes outlined in the Security Agreement.

### III. Attorneys' Fees

Plaintiff finally requests an order recognizing its right to seek an award of attorney fees and expenses incurred in the collection of the Notes. It avers that such an award is authorized per the terms of the Notes, which provide that Defendants shall pay "all reasonable attorneys' fees and costs incurred in enforcing and collecting under this Note."[11] Defendants have not filed an opposition to this portion of Plaintiff's Motion. Accordingly, the Court finds that, should this matter proceed to judgment, Plaintiff would be entitled to

---

[9] La. Rev. Stat. § 10:9-609.
[10] *Id.* (Official Revision Comments).
[11] Doc

6

attorneys' fees pursuant to the plain language of the Notes. Plaintiff's Motion is granted in this respect.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. 6) is **DENIED IN PART** and **GRANTED IN PART** as outlined above. Defendant's Motion to Strike (Doc. 13) is **DENIED AS MOOT**.

New Orleans, Louisiana this 21st day of July, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**