UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAGNOLIA FINANCIAL GROUP            CIVIL ACTION

VERSUS                              NO: 15-7144

KENNETH ANTOS, ET AL                SECTION "H"

ORDER AND REASONS

Before the Court is a Motion to Partially Dismiss Cross Claim filed by Twin Towers Trading Sit Management, LLC; Donald Porges; and Porges and Eisenberg CPA, LLC (Doc. 51). For the following reasons, this Motion is **GRANTED IN PART** and **DENIED IN PART**.

BACKGROUND

This is a declaratory judgment action on a promissory note removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of $2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security Agreement") in favor

of Magnolia, wherein he pledged his interest in the proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC, Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were paid on the Notes by the maturity date and contends that $2,457,805.60 of principal and interest remains due and owing on the Notes. Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Note and the Security Agreement.

Plaintiff filed a Motion for Partial Summary Judgment, seeking a judgment (1) defining the undisputed amount owed on the promissory note, (2) recognizing its appointment as attorney-in-fact for purposes of carrying out the pledge, and (3) establishing its right to collect attorneys' fees at the termination of the litigation. The Court denied the motion relative to defining an undisputed amount owed on the promissory note but granted it with respect to recognizing Plaintiff as attorney-in-fact and establishing Plaintiff's right to collect attorneys' fees at the termination of the litigation.

Following the Court's ruling on the Motion for Summary Judgment, Twin Towers intervened in this action and filed an interpleader complaint relative to a portion of the settlement proceeds. Plaintiff responded, averring that Twin Towers is not entitled to interpleader relief. Plaintiff also brought cross claims against, inter alia, Twin Towers, Donald Porges, and Porges & Eisenberg CPA, LLC (collectively the "Porges Defendants") for tortious interference with contractual relations, fraud, and bad faith breach of conventional obligation. These claims stem from the Porges Defendants'

alleged failure to forward the settlement proceeds to Plaintiff upon Defendants' default. The Porges Defendants have moved to dismiss Plaintiff's cross claims for tortious interference with contractual relations and bad faith breach of conventional obligation. Plaintiff responds in opposition.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.

**LAW AND ANALYSIS**

The Porges Defendants have challenged the sufficiency of Plaintiffs claims for bad faith breach of a conventional obligation and tortious interference with contractual relations. The Court will address these claims separately.

**I. Bad Faith Breach of Conventional Obligation**

Plaintiff's cross claim alleges that the Porges Defendants were obligated to forward to it the proceeds of the Settlement Agreement upon Defendants' default and that their failure to do so was in bad faith. "In order to recover for breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) that the obligor failed to perform the obligation (i.e. breach); and (3) that the breach resulted in damages to the oblige."[8] "Louisiana law enhances the liability for a breach in bad faith, creating liability for all damages resulting from the breach."[9]

In support of its contention that the Porges Defendants were under an obligation to forward to it the disputed settlement payments, Plaintiff has attached a letter from Donald K. Porges dated November 13, 2013 (the "Porges Letter"). Therein, Porges indicates that Antos and Becklean authorized him, in case of default, to make the settlement payments to Magnolia Financial Group, LLC. The Porges Defendants argue that this claim should be dismissed because this letter is insufficient evidence of a contract between the Porges Defendants and Plaintiff. Whether or not Plaintiff can produce sufficient evidence indicating the existence of a contract is a question better suited to a

---

[8] *SnoWizard, Inc. v. Robinson*, 897 F. Supp. 2d 472, 478 (E.D. La. 2012).
[9] *Meredith v. Louisiana Fed'n of Teachers*, 209 F.3d 398, 407 (5th Cir. 2000).

summary judgment motion following completion of discovery.[10]  In this Motion to Dismiss, the Court is obligated to accept as true the allegations of the Complaint.  Plaintiff has alleged that the Porges Defendants were under an obligation to forward to it the proceeds of the Settlement Agreement in the event of Defendant's default, and that the Porges Defendants, acting in bad faith, did not do so.  These allegations are sufficient to set forth a cause of action for bad faith breach of conventional obligation.

## II. Tortious Interference With Contract

Plaintiff also alleges that the Porges Defendants' actions relative to the settlement proceeds constitute tortious interference with contract. In *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989), the Louisiana Supreme Court recognized an extremely limited cause of action for tortious interfere with contract, requiring allegations of the following elements:

> (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.[11]

Absent factual allegations relative to each of these elements, a claim for tortious interference with contract must fail.  "Tortious interference with contract was recognized in a limited fashion by the Supreme Court of Louisiana . . . and to date the holding has been restricted to the precise cause of action it

---

[10] The Court makes no finding as to whether the Porges Letter, standing alone, is sufficient evidence of a contract.

[11] *Favrot v. Favrot*, 68 So. 3d 1099, 1111 (La. App. 4 Cir. 2011), writ denied, 62 So. 3d 127 (La. 2011).

explicates: that is a situation involving a corporation, an officer of the corporation, and a contract between the corporation and a third party."[12] A claim under *Spurney* must be directed at an individual corporate officer.[13] Accordingly, Plaintiff's tortious interference claims against Twin Towers, LLC and Porges & Eisenberg CPA, LLC must fail, as Plaintiff has sued the entities themselves. Likewise, as to Donald Porges, Plaintiff has not alleged that he is a corporate officer of any entity relevant to this dispute. Plaintiff's allegations that Porges "was a member and/or employee of Twin Towers and/or Porges and Eisenberg" are insufficient to bring his actions within the narrow cause of action articulated in *Spurney*, which is limited to officers of corporations, and does not include members or employees of LLCs.[14] Louisiana courts have consistently declined to broaden the narrow scope of this cause of action.[15] Accordingly, Plaintiff's claims for tortious interference with contract are dismissed. Because the Court finds that amendment would be futile, these claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons the Porges Defendants' Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART** as outlined above.

New Orleans, Louisiana this 22nd day of December, 2016.

---

[12] *Restivo v. Hanger Prosthetics & Orthotics, Inc.,* 483 F. Supp. 2d 521, 536 (E.D. La. 2007).
[13] *Boudreaux v. OS Rest. Servs., L.L.C.*, 58 F. Supp. 3d 634, 638 (E.D. La. 2014).
[14] *M & D Mineral Consultants, LLC v. Wenting Li*, No. 12-2082, 2013 WL 883689, at *3 (W.D. La. Mar. 7, 2013).
[15] *Boudreaux,* 58 F. Supp. 3d at 638.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**