# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FINANCIAL GROUP** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-7144** |
| **KENNETH ANTOS, ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Twin Towers Trading Site Management, LLC; Donald Porges; and Porges and Eisenberg CPA, LLC (Doc. 140). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

This is a declaratory judgment action on a promissory note that was removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of $2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security

1

Agreement") in favor of Magnolia, wherein he pledged his interest in the proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC, Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were paid on the Notes by the maturity dates and that $2,457,805.60 of principal and interest remains due and owing on the Notes. Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Notes and the Security Agreement.

Plaintiff filed a Motion for Partial Summary Judgment, seeking a judgment (1) defining the undisputed amount owed on the promissory note, (2) recognizing its appointment as attorney-in-fact for purposes of carrying out the pledge, and (3) establishing its right to collect attorneys' fees at the termination of the litigation. The Court denied the motion relative to defining an undisputed amount owed on the promissory note but granted it with respect to recognizing Plaintiff as attorney-in-fact and establishing Plaintiff's right to collect attorneys' fees at the termination of the litigation.

Following the Court's ruling on the Motion for Summary Judgment, Twin Towers intervened in this action and filed an interpleader complaint relative to a portion of the settlement proceeds. Plaintiff responded, averring that Twin Towers is not entitled to interpleader relief. Plaintiff also brought cross claims against, inter alia, Twin Towers, Donald Porges, and Porges & Eisenberg CPA, LLC (collectively the "Porges Defendants") for tortious interference with contractual relations, fraud, bad faith breach of conventional obligation, and negligence. Plaintiff alleges that Porges, acting

personally and on behalf of the other Porges Defendants, represented to Plaintiff that Twin Towers would forward payments under the Settlement Agreement to Plaintiff in the event of Defendants' default, but later acted to prevent Plaintiff from obtaining the funds.

On motion from the Porges Defendants, the Court dismissed the claims for tortious interference with contractual relations. The Porges Defendants now move for summary judgment on Plaintiff's remaining cross claims. Plaintiff responds in opposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient

---

[1] Fed. R. Civ. P. 56 (2012).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

3

to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[6] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

The Porges Defendants have challenged Plaintiff's claims for bad faith breach of a conventional obligation and tortious interference with contractual relations.

### I. Bad Faith Breach of Conventional Obligation

Plaintiff's cross claim alleges that the Porges Defendants were obligated to forward to it the proceeds of the Settlement Agreement upon Defendants' default and that their failure to do so was in bad faith. "In order to recover for breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) that the obligor failed to perform the obligation (i.e. breach); and (3) that the breach resulted in damages to the obligee."[9] "Louisiana law enhances the liability for

---

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[6] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] SnoWizard, Inc. v. Robinson, 897 F. Supp. 2d 472, 478 (E.D. La. 2012).

4

a breach in bad faith, creating liability for all damages resulting from the breach."[10]

In support of its contention that the Porges Defendants were under an obligation to forward to it the disputed settlement payments, Plaintiff has attached a letter from Donald K. Porges dated November 13, 2013 (the "Porges Letter"). Therein, Porges indicates that Antos and Becklean authorized him, in case of default, to make the settlement payments to Magnolia Financial Group, LLC. The Porges Defendants argue that this claim should be dismissed because this letter is insufficient evidence of a contract between the Porges Defendants and Plaintiff. The Court disagrees. When viewed in the light most favorable to the non-moving party, this letter is sufficient to create a genuine issue of material fact as to whether the Porges Defendants undertook an obligation to forward the settlement payments to Plaintiff in the event of Becklean's default. Accordingly, the Motion must be denied in this respect.

## II. Fraud and Collusion

The Porges Defendants next argue that Plaintiff's fraud claims must be dismissed because they have submitted insufficient evidence in support of the same. The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury.[11] The Court finds that Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to each element of fraud. Plaintiff avers that the representations made in the Porges Letter—namely, that Twin Towers would forward settlement proceeds to Magnolia on Becklean's default—were false when made and were used to induce Magnolia into making the loan. This

---

[10] Meredith v. La. Fed'n of Teachers, 209 F.3d 398, 407 (5th Cir. 2000).
[11] Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc., 527 F.3d 412, 418 (5th Cir. 2008).

5

presents a genuine issue of material fact precluding summary judgment on this claim.

## III. Remaining Claims

The Porges Defendants finally aver that the Amended Cross Claim contains unspecified and amorphous counts that are insufficient as a matter of law. Alternatively, to the extent that Plaintiff stated claims for negligent breach of contract, negligent misrepresentation, and general negligence, the Porges Defendants aver that these claims fail as a matter of law. The Porges Defendants point to the following language:

> Alternatively, the actions of the defendants, Twin Towers, Porges and Eisenberg and/or Porges or their agents, representatives, members, directors, officers or employees were made in error, mistake, or oversight and constitute negligent actions, inactions or omissions on the part of the defendants which they knew, or should have known would cause actual damage and actual economic loss to MFG. These acts or omissions on the part of the defendants further constitute failure to perform their professional job duties, services or responsibilities in a reasonable, business-like and professional manner and these failures caused loss and harm to MFG and subject defendants to liability to MFG under general principles of negligence and fault.

Contrary to the contention of the Porges Defendants, the Court finds that this language adequately apprises them of the claims against them.

Furthermore, the Court finds that there are genuine issues of material facts that preclude summary judgment on the negligence claims. As the Court has previously noted, there is a genuine issue of fact as to the existence of a contract between the Porges Defendants and Plaintiff, which is material to a claim of negligent breach of contract. Likewise, there is a genuine issue of fact as to the truth or falsity of the Porges letter, which is material to a theory of negligent misrepresentation. More generally, there are disputed facts about the extent of the Porges Defendants' involvement with each other,

the other defendants, and the circumstances under which the settlement payments continued to flow to Becklean. All of these disputes are material to what, if any, duty the Porges Defendants owed Plaintiff.[12]

## CONCLUSION

For the foregoing reasons the Porges Defendants' Motion for Summary Judgment is DENIED.

New Orleans, Louisiana this 23rd day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See, e.g.*, Hyatt v. Rovig, No. 13-6328, 2014 WL 970152, at *7–8 (E.D. La. Mar. 12, 2014) (preserving a general negligence claim on the same facts that supported a negligent misrepresentation claim); Conerly Corp. v. Regions Bank, No. 08-813, 2008 WL 4975080, at *8 (E.D. La. Nov. 20, 2008) (holding that, because of the extent of its relationship with insolvent contractor, a lending bank could be liable to third parties for negligence);