**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAGNOLIA FINANCIAL GROUP** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-7144** |
| **KENNETH ANTOS, ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant-in-Cross-Claim Maxum Casualty Insurance Co. ("Maxum") (Doc. 144). For the following reasons, this Motion is **GRANTED IN PART**.

## BACKGROUND

This is a declaratory judgment action on a promissory note that was removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of $2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security Agreement") in favor of Magnolia, wherein he pledged his interest in the

1

proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC, Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were made on the Notes by the maturity dates and that $2,457,805.60 of principal and interest remains due and owing on the Notes. On November 20, 2015, Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Notes and the Security Agreement.

The Court granted Plaintiff summary judgment recognizing Plaintiff as attorney-in-fact for the purposes of carrying out the Security Agreement and establishing Plaintiff's right to collect attorneys' fees at the termination of the litigation.[1]

Twin Towers intervened in this action and filed an interpleader complaint relative to a portion of the Settlement Agreement proceeds. Plaintiff responded, averring that Twin Towers is not entitled to interpleader relief. Plaintiff also brought cross claims against, inter alia, Twin Towers, Donald Porges, and Porges & Eisenberg CPA, LLC (collectively the "Porges Defendants") for tortious interference with contractual relations, fraud, bad faith breach of conventional obligation, negligent breach of contract, negligent misrepresentation, and general negligence.[2] Plaintiff alleges that Porges, acting personally and on behalf of the other Porges Defendants, represented to Plaintiff that Twin Towers would forward payments under the Settlement Agreement to Plaintiff in the event of Defendants' default, but later acted to prevent Plaintiff from obtaining the funds.

---

[1] Doc. 25.
[2] Docs. 48, 123.

On motions by the Porges Defendants, the Court dismissed Plaintiff's claims for tortious interference with contractual relations and denied summary judgment as to the remaining claims.[3]

Plaintiff's Cross-Claim also alleges that Defendant-in-Cross-Claim Maxum has an insurance policy providing coverage to Twin Towers and its employees, including Donald Porges, for Plaintiff's claims against it. Pursuant to Louisiana's direct action statute, Plaintiff asserts those claims against Maxum as a solidary obligor. Maxum now moves to dismiss the claims against it under Rule 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations

---

[3] Docs. 70, 200.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*
[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

3

to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]

**LAW AND ANALYSIS**

Maxum asserts three independent grounds for dismissal of Plaintiff's claims against it: 1) that Louisiana law does not authorize direct action against an insurer on claims arising from a breach of contract, 2) that the policy's contract exclusion precludes coverage for Plaintiff's claim against Twin Towers, and 3) that Twin Towers failed to notify Maxum during the policy period. The Court previously held that it would consider Maxum's insurance policy on a motion to dismiss because the policy was specifically referenced in Plaintiff's Cross-Claim.[11]

## I. Direct Action

Maxum first argues that Plaintiff cannot maintain a direct action against it because Plaintiff's claims are contractual. Louisiana law grants a plaintiff the right to proceed directly against a liability insurer only when the plaintiff has a cause of action against the insured sounding in tort.[12] Whether an action states a tort claim depends on the source of the duty that was breached.[13] If the insured breached an obligation that he contractually assumed, whether as an explicit promise or implied duty, the action sounds in

---

[10] *Lormand*, 565 F.3d at 255–57.
[11] *See* Doc. 172.
[12] *See* La. Stat. Ann. § 22:1269(B) (2017); Mentz Const. Servs., Inc. v. Poche, 87 So. 3d 273, 276 (La. Ct. App. 2012).
[13] *See Mentz Const. Servs.*, 87 So. 3d at 276.

4

contract.[14] If the insured breached a general duty owed to all persons, then the action sounds in tort.[15]

Here, Plaintiff's claims for bad faith breach of conventional obligation and negligent breach of contract sound in contract and are therefore ineligible for direct action. On the other hand, Plaintiff's claims for fraud, negligent misrepresentation, and general negligence could be based on a duty in either contract or tort.[16] Contrary to Maxum's argument, these claims do not arise from a contract simply because they relate to the Settlement Agreement. The proper standard is whether the duty allegedly breached was contained in a contract, and Plaintiff's remaining claims do not depend on a breach of the Settlement Agreement. Plaintiff's Complaint states a plausible claim that Maxum's insureds could be liable in tort, and Plaintiff may therefore proceed in direct action against Maxum for the fraud, negligent misrepresentation, and general negligence of Defendants covered by Maxum's policy.

Accordingly, Plaintiff's claims against Maxum for bad faith breach of conventional obligation and negligent breach of contract are DISMISSED.

## II. The Contract Exclusion

Maxum next argues that Plaintiff's claims against it should be dismissed because its policy contains an exclusion denying coverage for claims arising from a contract. Maxum's Director, Officer, and Corporate Liability policy extends three insuring agreements to Twin Towers, promising to pay all loss resulting from a properly reported claim against an insured person or entity for any wrongful act. Paragraph A extends the insurance to insured persons, paragraph B to the insured entity to the extent it indemnified insured persons,

---

[14] *Id.*
[15] *Id.*
[16] *See* Orleans Par. Sch. Bd. v. Chubb Custom Ins. Co., 162 F. Supp. 2d 506, 516 (E.D. La. 2001) (allowing direction action on a complaint that pled both contract and tort claims).

5

and paragraph C to the insured entity itself.[17] The policy excludes coverage for a claims "based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any actual or alleged breach of any oral or written contract or agreement."[18]

Maxum argues that the contract exclusion applies to all of Plaintiff's claims against it because they "involve" a breach of contract—the promissory notes and Security Agreement—by other parties in the lawsuit. However, Maxum cites no legal authority holding that a contract exclusion such as the one contained in this policy excludes claims that are related to the breach of a contract to which the insured was not a party. The cases Maxum does cite are distinguishable. In *Provost v. Homes by Lawrence & Pauline, Inc.* and *Everett v. Philibert*, the insureds were sued for breaching their own contracts to build homes.[19] In *Rodco Worldwide, Inc. v. Arch Specialty Insurance Co.*, the insured brokers violated their contract with an insurance company when they issued policies outside the company's scope.[20] In *Gemini Insurance Co. v. The Andy Boyd Co.*, an insured employee breached a non-disclosure agreement with a previous employer.[21]

Instead, Louisiana law uses a limited interpretation of exclusions like this one. In *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Casualty Co.*, the Fifth Circuit held that a contract exclusion to an advertising injury

---

[17] Doc. 144-4 at 15.
[18] Doc. 144-4 at 20.
[19] *See* Provost v. Homes by Lawrence & Pauline, Inc., 103 So. 3d 1280, 1282 (La. Ct. App. 2012); Everett v. Philibert, 13 So. 3d 616, 620 (La. Ct. App. 2009).
[20] Rodco Worldwide, Inc. v. Arch Specialty Ins. Co., 306 F. App'x 111, 112–15 (5th Cir. 2009).
[21] Gemini Ins. Co. v. The Andy Boyd Co. LLC, 243 F. App'x 814, 814–16 (5th Cir. 2007). The court in Gemini did read the contract exclusion broadly, but relied on Texas law. *Id.* at 815.

insurance agreement would not be read expansively by Louisiana courts.[22] Instead, the court reasoned that Louisiana would apply the "but for" test, under which a claim will not be excluded if it arises from a duty other than one imposed by contract.[23] At least one other court examining the exact language used in the contract exclusion here also read it in this narrow fashion, albeit under California law.[24] The Court finds that the contract exclusion here applies only to those claims that arise from a breach of a contractual duty owed by an insured.

Additionally, the exclusion applies only to the section of the insuring agreement that extends coverage to the insured entity itself.[25] Plaintiff alleges claims against Twin Towers, the insured entity of the policy, but also against Donald Porges, and Porges & Eisenberg CPA, LLC. Plaintiff further alleges that Donald Porges, personally and through Porges & Eisenberg CPA, was an employee or worked on behalf of Twin Towers.[26] Plaintiff has therefore alleged facts that make it plausible that Plaintiff can recover against individuals insured by agreements to which the contract exclusion does not apply.

Accordingly, Plaintiff's claims for fraud, negligent misrepresentation, and general negligence remain with respect to all insureds to the extent the claims do not rely on a contractual duty. The Court already found that Plaintiff may not proceed in direct action against Maxum for the bad faith and negligent breach of contract claims. The contract exclusion provides an additional ground

---

[22] *Looney Ricks Kiss Architects, Inc. v. State Farm Fire & Cas. Co.*, 677 F.3d 250, 257 (5th Cir. 2012).
[23] *Id.* at 257.
[24] *See* Church Mut. Ins. Co. v. U.S. Liab. Ins. Co., 347 F. Supp. 2d 880, 887 (S.D. Cal. 2004).
[25] Doc. 144-4 at 20.
[26] Docs. 48 at 13–14, 123 at 4.

for dismissing those claims with respect to a breach of contract by Twin Towers, though not by Donald Porges or Porges & Eisenberg CPA.

## III. Reporting Period

Third, Maxum argues that Plaintiff's claims should be dismissed because Maxum's insurance contract is a claims-made-and-reported policy, and Plaintiff failed to notify Maxum of the claim during the policy period. Maxum argues that a claim was first made against the insureds when Plaintiff sent the notice of default to Twin Towers and demanded payment of the Settlement Agreement pursuant to Plaintiff's security interest. Because this occurred before the policy period of the policy Plaintiff identified in its Amended Cross-Claim, Maxum argues that Plaintiff fails to state a claim for relief.

The policy states that it will pay "all 'Loss' arising from any 'Claim' first made against the [insured] during the 'Policy Period' and reported to the 'Insurer' in writing during the 'Policy Period' or within 90 days thereafter, for any actual or alleged 'Wrongful Act.'"[27] It defines a "claim" to include among other things, "a written demand for monetary or non-monetary relief."[28] Plaintiff's demand asking that Twin Towers pay the Settlement Agreement proceeds to Plaintiff was therefore a "claim" under the policy. However, it was not a claim "for any actual or alleged 'Wrongful Act.'"[29] Rather, the demand was pursuant to a security agreement that the beneficiaries of the Settlement Agreement granted Plaintiff. Because the notice of default did not demand any

---

[27] Doc. 144-4 at 15.
[28] Doc. 144-4 at 17.
[29] Doc. 144-4 at 15.

8

payment as a result of an insured's wrong, it did not fall within the insuring agreement's reporting requirement.

Plaintiff has stated a plausible claim that the policy covers the acts of the complaint.

## CONCLUSION

For the foregoing reasons Maxum's Motion to Dismiss is GRANTED IN PART. Plaintiff's claims for bad faith breach of conventional obligation and negligent breach of contract against Maxum are DISMISSED. Plaintiff's claims for fraud, negligent misrepresentation, and general negligence remain.

New Orleans, Louisiana this 30th day of August, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**