# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MAGNOLIA FINANCIAL GROUP**                 **CIVIL ACTION**

**VERSUS**                                   **NO: 15-7144**

**KENNETH ANTOS, ET AL**                     **SECTION "H"**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants-in-Cross-Claim Allied Insurance and Allied Property and Casualty Co. (collectively "Allied") (Doc. 181). For the following reasons, the motion is **DENIED**.

## BACKGROUND

This is a declaratory judgment action on a promissory note that was removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of $2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security

Agreement") in favor of Magnolia, wherein he pledged his interest in the proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC, Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were paid on the Notes by the maturity dates and that $2,457,805.60 of principal and interest remains due and owing on the Notes. On November 20, 2015 Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Notes and the Security Agreement.

The Court granted Plaintiff summary judgment recognizing Plaintiff as attorney-in-fact for the purposes of carrying out the Security Agreement and establishing Plaintiff's right to collect attorneys' fees at the termination of the litigation.[1]

Twin Towers intervened in this action and filed an interpleader complaint relative to a portion of the Settlement Agreement proceeds. Plaintiff responded, averring that Twin Towers is not entitled to interpleader relief. Plaintiff also brought cross claims against, inter alia, Twin Towers, Donald Porges, and Porges & Eisenberg CPA, LLC (collectively the "Porges Defendants") for tortious interference with contractual relations, fraud, bad faith breach of conventional obligation, negligent breach of contract, negligent misrepresentation, and general negligence.[2] Plaintiff alleges that Porges, acting personally and on behalf of the other Porges Defendants, represented to Plaintiff that Twin Towers would forward payments under the Settlement

---

[1] Doc. 25.
[2] Docs. 48, 123.

Agreement to Plaintiff in the event of Defendants' default, but later acted to prevent Plaintiff from obtaining the funds.

On motions by the Porges Defendants, the Court dismissed Plaintiff's claims for tortious interference with contractual relations and denied summary judgment as to the remaining claims.[3]

Plaintiff's Cross-Claim also alleges that Defendant-in-Cross-Claim Allied has one or more insurance policies providing coverage to Porges and Eisenberg, CPA and its officers, directors, members, agents, or employees, including Donald Porges, for Plaintiff's claims against it. Pursuant to Louisiana's direct action statute, Plaintiff asserts those claims against Allied as a solidary obligor. Allied now moves to dismiss the claims against it under Rule 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels

---

[3] Docs. 70, 200.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*

and conclusions' or 'a formulaic recitation of the elements of a cause of action" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[10]

## LAW AND ANALYSIS

Plaintiff's Amended and Supplemental Cross-Claim alleges that, "at all times material herein [Allied] had in force and effect a policy of insurance bearing number ACP CAP 5936382644 (or other policy) which provided coverage to . . . Porges and Eisenberg."[11] Allied argues that Plaintiff fails to state a claim against it because Allied's policy insuring Porges and Eisenberg, CPA contains professional services exclusions precluding coverage over the acts for which Plaintiff alleges Donald Porges or Porges and Eisenberg, CPA are liable. Allied submits a copy of a policy insuring "Donald Porges CPA LLC," numbered ACP BPOZ 5926382644.

It is clear that the policy submitted by Allied does not provide coverage for Plaintiff's claims. However, because the number of the policy submitted does not match the number of the policy identified in Plaintiff's Cross-Claim and because Plaintiff alleges in the Cross-Claim that another policy may exist, Plaintiff has pleaded enough facts to survive a 12(b)(6) motion. Furthermore, without summary-judgment-type evidence that the policy submitted was the only policy Allied issued to Porges and Eisenberg, CPA, the Court cannot at

---

[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[10] *Lormand*, 565 F.3d at 255–57.
[11] Doc. 123 at 3–4 (emphasis added).

this time convert Plaintiff's Motion to Dismiss to a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant-in-Cross-Claim Allied's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) is DENIED.

New Orleans, Louisiana this 30th day of August, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**