UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAGNOLIA FINANCIAL GROUP                CIVIL ACTION

VERSUS                                  NO: 15-7144

KENNETH ANTOS, ET AL                    SECTION "H"

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant-in-Cross-Claim Twin City Fire Insurance Company ("Twin City") (Doc. 239). For the following reasons, the motion is GRANTED.

### BACKGROUND

This is a declaratory judgment action on a promissory note that was removed from the 29th Judicial District Court for the Parish of St. Charles. On November 11, 2013, Defendants KCI Investments, LLC ("KCI"), Kenneth Antos, and David Becklean executed a Secured Promissory Note (the "Note") with Plaintiff Magnolia Financial Group, LLC, ("Magnolia") for the principal sum of $2,000,000 with an interest rate of 15% per annum. Defendant Becklean also executed a Pledge and Security Agreement (the "Security Agreement") in favor of Magnolia, wherein he pledged his interest in the

1

proceeds of a Settlement Agreement dated September 22, 2012 among Twin Towers Trading Site Management, LLC ("Twin Towers"), Jeffrey Brandon, Eric Scholer, Becklean, and SMG Group (the "Settlement Agreement"). This pledge was recorded. Subsequently, on January 13, 2015, Defendants entered into a second agreement to borrow an additional $100,000 from Magnolia (the "Second Note"). Plaintiff contends that no principal payments were paid on the Notes by the maturity dates and that $2,457,805.60 of principal and interest remains due and owing on the Notes. On November 20, 2015 Plaintiff filed the instant suit seeking a declaratory judgment recognizing its rights under the Notes and the Security Agreement.

The Court granted Plaintiff summary judgment recognizing Plaintiff as attorney-in-fact for the purposes of carrying out the Security Agreement and establishing Plaintiff's right to collect attorneys' fees at the termination of the litigation.[1]

Twin Towers intervened in this action and filed an interpleader complaint relative to a portion of the Settlement Agreement proceeds. Plaintiff responded, averring that Twin Towers is not entitled to interpleader relief. Plaintiff also brought cross claims against, inter alia, Twin Towers, Donald Porges, and Porges & Eisenberg CPA, LLC (collectively the "Porges Defendants") for tortious interference with contractual relations, fraud, bad faith breach of conventional obligation, negligent breach of contract, negligent misrepresentation, and general negligence.[2] Plaintiff alleges that Porges, acting personally and on behalf of the other Porges Defendants, represented to Plaintiff that Twin Towers would forward payments under the Settlement Agreement to Plaintiff in the event of Defendants' default, but later acted to prevent Plaintiff from obtaining the funds.

---

[1] Doc. 25.
[2] Docs. 48, 123.

On motions by the Porges Defendants, the Court dismissed Plaintiff's claims for tortious interference with contractual relations and denied summary judgment as to the remaining claims against the Porges Defendants.[3]

Plaintiff's Cross-Claim also alleges that Defendant-in-Cross-Claim Twin City has one or more insurance policies providing coverage to Twin Towers and its officers, directors, members, agents, or employees, including Donald Porges, for Plaintiff's claims against it. Pursuant to Louisiana's direct action statute, Plaintiff asserts those claims against Twin City as a solidary obligor. The Court previously dismissed Plaintiff's claims against Twin City with respect to the insurance policy identified by number in Plaintiff's Cross-Claim, but declined to dismiss all claims against Twin City because the Cross-Claim alleged the existence of other policies providing coverage.[4] Defendant-in-Cross-Claim Twin City now moves for summary judgment that no other policies exist and dismissing Plaintiff's claims against it. Plaintiffs do not oppose the Motion.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

---

[3] Docs. 70, 200.
[4] Doc. 234.
[5] Fed. R. Civ. P. 56 (2012).
[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[7] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[8] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[9] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[10] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[11] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[12]

When a motion for summary judgment is unopposed the court may not grant the motion by default, but is entitled to accept as undisputed the facts it presents.[13] "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[14] Instead, the proper inquiry to an unopposed motion for

---

[7] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[8] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[9] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[10] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[11] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[12] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[13] Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

[14] Adams v. Travelers Indem. Co. of Conn., 465 F.3d 156, 164 (5th Cir. 2006).

summary judgment is to determine whether the facts advanced in the motion and supported by appropriate evidence make out a prima facie case that the movant is entitled to judgment.[15]

## LAW AND ANALYSIS

Plaintiff's Amended and Supplemental Cross-Claim alleges that, "at all times material herein [Twin City] had in force and effect a policy of insurance bearing number 21HUSS3602 (or other policy) which provided or extended coverage to . . . Twin Towers."[16] This Court has already determined that, as a matter of law, Twin City policy number 21HUSS3602 does not provide coverage.[17] Twin City now submits an affidavit from an employee with knowledge of its policies who states that Twin City issued no other insurance policies to Twin Towers. This sets forth a prima facie case that Twin City is entitled to judgment dismissing all of Plaintiff's claims against it because there exists no policy providing insurance coverage for the actions described in Plaintiff's Cross-Claim. There is no dispute of material fact because Plaintiff submits no opposition.

## CONCLUSION

For the foregoing reasons, Defendant-in-Cross-Claim Twin City's Motion for Summary Judgment is GRANTED. Plaintiff's claims against Twin City are dismissed with prejudice.

---

[15] *See id.*; *Eversley*, 843 F.2d at 174.
[16] Doc. 123 at 3–4.
[17] Doc. 196.

5

New Orleans, Louisiana this 3rd day of January, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**