# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FINANCIAL GROUP** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-7144** |
| **KENNETH ANTOS, ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants-in-Cross-Claim Allied Insurance and Allied Property and Casualty Co. (collectively "Allied") (Doc. 238). For the following reasons, the Motion is GRANTED.

## BACKGROUND

The facts and procedural history relevant to this Motion can be found in this Court's Order and Reasons of August 30, 2017.[1] Allied previously moved to dismiss the claims against it under Rule 12(b)(6). The Court found that the policy cited in the Cross-Claim did not provide coverage, but that Plaintiff's allegation that other policies existed was sufficient to state a claim against Allied.[2] Allied now moves for summary judgment, presenting copies of all policies that it issued to the Porges Defendants and an affidavit stating that no other policies exist.

---

[1] Doc. 206.
[2] Doc. 206.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[8] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would

---

[3] Fed. R. Civ. P. 56 (2012).
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[8] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

Allied moves for summary judgment dismissing all claims against it on the basis that it issued no policy covering the Porges Defendants for the acts alleged in Plaintiff's Cross-Claim. Allied argues that the professional services exclusions in those policies preclude coverage for acts that the Porges Defendants rendered while performing services for other parties. The Court previously held that the language of the Businessowners and Commercial Umbrella policies that Allied extended to the Porges Defendants does not offer coverage, but declined to dismiss the entirety of Plaintiff's complaint against Allied because of the allegation that other policies existed. Allied now presents an affidavit from a knowledgeable corporate representative stating that the only policies that Allied issued to the Porges Defendants are the ones that the Court previously determined did not provide coverage for Plaintiff's claims.[11]

Plaintiff argues the acts of the Porges Defendants in agreeing to pay Plaintiff in the event of a default, failing to pay Plaintiff when a default occurred, and entering into a release with Becklean to continue payments to him do not constitute professional services and thus do not fall under the professional services exclusion in the Allied policies. However, Plaintiff concedes that the Porges Defendants were providing professional accounting and management services to various other defendants and effectively concedes that the complained-of acts took place during that professional service.[12]

---

[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[11] *See* Doc. 238-5.

[12] *See* Doc. 247 at 9–11.

Plaintiff merely makes conclusory assertions that the acts do not qualify as "pure professional services." Plaintiff cites to absolutely no law supporting this position. The Court sees no reason to alter its previous conclusion that the professional services exclusion applies.[13]

Plaintiff also argues that summary judgment is inappropriate because Donald Porges testified that the Porges Defendants carried professional services insurance coverage. At this point in the litigation, however, it is Plaintiff's burden to produce evidence sufficient to make out a claim against Allied. Plaintiff has not provided the Court with any other policy and therefore has failed to create an issue of material fact as to Allied's coverage.

## CONCLUSION

For the foregoing reasons, Defendant-in-Cross-Claim Allied's Motion for Summary Judgment is GRANTED. All claims against Allied Insurance and Allied Property & Casualty Company are DISMISSED with prejudice.

New Orleans, Louisiana this 20th day of February, 2018.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[13] The Court also notes that Plaintiffs have not even made a showing that the acts complained of are covered by the insuring agreements in the first place, as is Plaintiff's burden at this point.