UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FINANCIAL GROUP, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7144** |
| **KENNETH ANTOS, ET AL.** | **SECTION "H" (3)** |

REPORT AND RECOMMENDATION

On May 14, 2018, by Judgment in favor of plaintiff Magnolia Financial Group, L.L.C. ("MFG"), the District Court awarded reasonable attorneys' fees and costs to MFG and referred the determination of the amount of those fees and costs to the undersigned. [Doc. #352]. Now before the Court is the motion for summary judgment on said fees and costs filed by MFG [Doc. #355] against defendants Kenneth Antos, David Becklean, and KCI Investments, L.L.C. ("KCI"). The motion is unopposed. For the reasons set forth below, IT IS RECOMMENDED that order and judgment issue awarding attorneys' fees and costs in favor of plaintiff MFG in the amount $363,063.95.

**I.      Background**

The underlying facts of this lawsuit are generally irrelevant to the issue of attorneys' fees and costs and are already outlined in various opinions issued by the District Court. *Magnolia Fin. Group, L.L.C. v. Antos*, 310 F. Supp. 3d 764 (E.D. La. 2018). Suffice it to say that MFG sued Antos, Becklean, and KCI (collectively, "defendants")[1] in the 29th Judicial District court for the Parish of St. Charles, Louisiana. Defendants removed the lawsuit on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

In short, MFG sued defendants for the breach of a promissory note. After initially appearing with counsel, defendants ultimately failed to participate in the preparation of the pre-

---

[1] While MFG sued other defendants as well, it settled with those defendants before trial.

trial order, the pre-trial conference, and even the trial. On May 14, 2018, the District Court issued its Findings of Facts and Conclusions of Law and its Judgment in which it found that defendants had defaulted on the promissory notes, and – apart from the damages under the notes – MFG was entitled to reasonable attorney's fees and costs for the costs of collecting against defendants as the notes provided. MFG now seeks $339,375.00 in attorneys' fees and $23,688.95 in costs.

## II. Analysis

### B. The Lodestar Approach

Because this lawsuit is grounded in diversity, Louisiana law applies and Rule 1.5(a) of the Louisiana Rules of Professional Conduct governs this Court's determination of attorneys' fees and costs. *Mayeur v. Campbell*, 666 So. 2d 366, 370 (La. Ct. App. 1995); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). MFG agrees that the lodestar approach applies here and that Rule 1.5(a)'s factors are essentially the same as those outlined by the Fifth Circuit in *Johnson v. Ga. Hwy. Express*, 488 F.2d 714 (5th Cir. 1974).

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Turning to the accounting statements and affidavits submitted by MFG's counsel, this Court must determine whether the hourly rates of $295.00/hour for both George Vourvoulias and Janes Harmon are reasonable given counsel's ability, competence, experience, and skill. Harmon is a founding partner of his firm with 30 years of experience, and Vourvoulias is a founding partner with 20 years of experience.

This Court's review of the case law in this district for the past five years reveals that the

requested hourly rates are acceptable based on the practice of law in this district. *See, e.g., Curry v. Lou Rippner, Inc.*, Civ. A. No. 14-1908, 2016 WL 236053 (E.D. La. Jan. 20, 2016) (approving $210.00/hour for attorney with 15 years experience and $190.00/hour for attorney with 11 years experience); *McIntyre v. Gilmore*, Civ. A. No. 15-282, 2015 WL 4129378 (E.D. La. July 8, 2015) (approving $250.00/hour for partners with 24 and 11 years of experience); *J&J Sports Prods., Inc. v. Evolution Entm't Group, L.L.C.*, Civ. A. No. 13-5178, 2014 WL 6065601 (E.D. La. Nov. 12, 2014) (approving $300.00/hour for attorney with 32 years experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250.00/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300.00/hour to $275.00/hour for attorney with 34 years experience and from $300.00/hour to $250.00/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450.00/hour to $350.00/hour for attorney with 30 years experience and from $300.00/hour to $275.00/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350.00/hour for partners with 30 and 36 years experience).

Considering the prevailing market rates in the Greater New Orleans area and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rates are within the range of the market rate in this area. The Court thus finds that $295.00/hour is a reasonable rate for the services of both Vourvoulias and Harmon.

## 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.

As noted, this Court has reviewed the accounting statements and accompanying affidavits submitted via flash drive on behalf of plaintiff's counsel and finds the hours expended by counsel to be reasonable. Combined, Vourvoulias and Harmon expended 1,150.42 hours on this lawsuit. As can be seen from the docket number of this lawsuit, this dispute has lasted approximately three years in this Court, and there are over 356 docket entries on this Court's electronic filing system. Counsel for MFG participated in no fewer than nine depositions, several of which occurred in Florida, numerous discovery disputes before this Court, dispositive motion practice before the District Court, preparing (alone) the pre-trial order, participating (also alone) in the pre-trial conference, and participating (again alone) in the trial against defendants, all actions which led to a favorable judgment on behalf of their client. They also participated in at least one settlement

conference with this Court (which continued by telephone), part of which led to a settlement pre-trial with numerous co-defendants. This Court has no doubt to question whether the hours expended here were reasonable.

Moreover, the Court finds that counsel exercised billing judgment. Counsel's paralegal billed 248.2 hours of time at $75.00/hour. Finding that most of this time was clerical in nature, counsel for MFG has redacted this time from the total amount of fees sought. This resulted in $18,615.00 of lost fees, but it demonstrates counsel's billing judgment.

### 3. The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *see Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).[2] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

While counsel tersely mentions the *Johnson* factors in their briefing, they seek no upward departure in accordance with them. And, because there is no opposition to the motion, there has

---

[2] These factors are near identical to those listed in Rule 1.5(a) of the Louisiana Rules of Professional Conduct.

been no request to adjust the fees downward. Accordingly, the Court need not address the *Johnson* factors.

**4. Costs**

Generally, costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Here, there is contractual authority for the recovery of all costs incurred in collecting on the defaulted promissory notes. The District Court explicitly found – in its Findings of Fact and Conclusions of Law – that "[t]he Note(s) also provided for payment of attorney fees and ***all*** expenses incurred in collection." [Doc. #351, Finding 8 (emphasis added)]. The District Court also "granted MFG partial summary judgment in July of 2016, recognizing MFG as "attorney in fact for the purposes of carrying out the provisions of the Security Agreement and establishing plaintiff's rights to collect attorney fees and costs of collection at the termination of the litigation." [*Id.* at p. 2]. Accordingly, this Court will award MFG its costs in

7

the amount of $23,688.95.    This amount includes costs for nine deposition transcripts – including two trips to Boca Raton, Florida to conclude depositions – document production costs, mailing and courier service, service costs on the out-of-state defendants,[3] teleconference charges, and other routine charges incurred in three long years of litigation against recalcitrant defendants who ultimately did not even bother to appear at trial, even though they faced a default judgment and foreclosure.

## IV.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment on Attorneys' Fees and Costs [Doc. #355] be GRANTED to the extent that counsel for plaintiff MFG be awarded $339,375.00 in attorneys' fees and $23,688.95 in costs, for a total of $363,063.95.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of August, 2018.

---

[3]  Antos and Becklean live in Nevada and Missouri, respectively.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**